# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA MUNOZ,<br><br>                    Petitioner,<br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | CASE NO. 07CV1760-LAB<br>[Related Case No. 06cr1195-LAB]<br><br>**ORDER DENYING MOTION**<br><br>[Dkt No. 1] |

      Pursuant to 18 U.S.C. § 3582, petitioner Sandra Munoz ("Munoz") has filed a Motion To Reduce Sentence ("Motion").  She was convicted following her guilty plea to Count 3 (bringing in illegal aliens for financial gain and aiding and abetting) and to Count 15 (filing false tax return) of the Indictment in criminal Case No. 06cr1195-LAB, with judgment entered April 9, 2007, following proceedings before the undersigned District Judge.  The court imposed a custodial sentence of 21 months for each count, concurrent, and 3 years of supervised release.  Dkt Nos. 195, 193.  Munoz now seeks a reduction of her prison sentence to six-months in a halfway house, with the remainder of her time under house arrest so she can care for her children.

      Title 18 of the United States Code, Section 3582, provides, in pertinent part (emphasis added):

> (c) Modification of an imposed term of imprisonment. -- **the court *may not modify* a term of imprisonment once it has been imposed *except* that** --

>    (1) in any case --
>
>    (A) the court, **upon motion of the Director of the Bureau of Prisons**, may reduce the term of imprisonment . . . if it finds that --
>
>    > (i) extraordinary and compelling reasons warrant such a reduction; **or**
>    >
>    > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, . . . and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community. . . .;
>
>    (B) the court may modify an imposed term of imprisonment to the extent otherwise **expressly permitted by statute or by Rule 35** of the Federal Rules of Criminal Procedure; **and**
>
>    (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. . . upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment. . . .

The court is prohibited by the express provisions of that code section from modifying a term of imprisonment once it has been imposed unless one of the enumerated exceptions applies. Munoz relies on U.S. v. Wyatt, 115 F.3d 606 (8th Cir. 1997) in support of her Motion.[1] The Wyatt case was decided under 18 U.S.C. §3582(c)(2), when a defendant moved to modify his sentence after it had been imposed on grounds the Sentencing Guideline range under which he had been sentenced was retroactively amended. Munoz makes no such Sentencing Guideline range claim with respect to her own sentence.

The Director of the Bureau of Prisons has not brought a motion to reduce her term of imprisonment, eliminating the exception codified at 18 U.S.C. § 3582(c)(1)(A).

Relief under 18 U.S.C. § 3582(c)(1)(B) is similarly foreclosed. Rule 35 of the Federal Rules of Criminal Procedure provides for a reduction in sentence, in pertinent part, only when the Government makes a motion for that purpose and demonstrates the defendant,

---

[1] Similarly, the other authority she cites is distinguishable. U.S. v. Ranum, 353 F.Supp.2d 984 (E.D. Wis. 2005) and U.S. v. Myers, 353 F.Supp.2d 1026 (S.D. Iowa 2005) are cases discussing the trial court's determination of sentence in consideration of sentencing factors at the time of sentencing, not post-judgment challenges to a term of imprisonment already imposed.

1  "after sentencing, provided substantial assistance in investigating or prosecuting another
2  person. . . ."  Rule 25(b)(1)(A).  The government has not so moved, and Munoz does not
3  claim to have provided any such assistance.  The only statute Munoz identifies as
4  purportedly supportive of her motion is 18 U.S.C. § 3582 itself.  As demonstrated above, no
5  exception to the finality of her sentence applies, and the court is foreclosed under the
6  express terms of that statute from modifying her sentence by motion.
7       For the foregoing reasons, **IT IS HEREBY ORDERED** the Motion is **DENIED**, and the
8  Clerk of Court shall terminate this civil action.
9       **IT IS SO ORDERED**.
10 DATED:  September 14, 2007

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge